UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CORNELIUS ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ERIC H. HOLDER, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
AUG -2 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

13-1198

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff is serving a 327-month sentence imposed by the United States District Court for the Western District of Texas in August 2008. *See* Compl. ¶¶ 6-8; *see United States v. Breon*, 357 F. App'x 615 (5th Cir. 2009) (per curiam) (affirming plaintiff's convictions and sentences imposed on plaintiff and his co-defendant), *cert. denied*, 130 S. Ct. 2130 (2010). Notwithstanding the existence of "a study detailing findings of the U.S. Department of Justice" that there are a "number of innocent people wrongfully convicted that should be given some sort of relief," Compl. ¶ 9, neither defendant has taken steps to "redress the deprivations and unconstitutional wrongs" plaintiff has suffered because of his unlawful conviction. *Id.* ¶ 27; *see generally id.* ¶¶ 24-26. Plaintiff demands a declaratory judgment and injunctive relief, *id.* ¶¶ 27-29, including an "Evidentiary Hearing in The United . . . States District Court of appropriate jurisdiction . . . to determine the legality, sufficiency and . . . legitimacy of his convictions." *Id.* ¶ 29.



3

A challenge to the legality of the plaintiff's criminal sentence must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997); *Robinson v. Upton*, No. 13-cv-82, 2013 WL 1500442, at *1 (E.D. Tex. Feb. 15, 2013) (Magistrate Judge's recommendation to deny plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2241, noting that such a petition "is not a substitute for a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which is the primary means of collaterally attacking a federal conviction and sentence"), *adopted*, 2013 WL 1500436 (E.D. Tex. Apr. 10, 2013). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).

The Court will dismiss the complaint for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: 7/24/13